UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-3910 |
| v. ) | |
| ) | Judge John W. Darrah |
| MICHAEL A. WARD, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Michael Ward filed a *pro se* Motion to Vacate, Set Aside, or Correct [1] his sentence pursuant to 28 U.S.C. § 2255. For the reasons provided below, his Motion [1] is denied.

### **BACKGROUND**

On June 6, 2012, Defendant was charged by indictment with wire fraud in violation of 18 U.S.C. § 1343 (Counts I-III), arising out of a fraudulent scheme in which he brokered and sold fraudulent commercial insurance policies to business owners and property managers. (Crim. Dkt. No. 20.)[1] Defendant entered a blind plea of guilty to all counts of the indictment on April 11, 2013. (Crim. Dkt. No. 45.) On February 20, 2014, Defendant was sentenced to 120 months' imprisonment on all counts of the indictment, to run concurrently. (Crim. Dkt. No. 70.) Defendant did not appeal his conviction. On May 1, 2015, Defendant filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.

---

[1] References to Defendant's criminal case are found in 12-cr-353.

Defendant raises six claims in his petition, most of which allege ineffective assistance of counsel. Defendant alleges the following grounds on which he claims he is being held unlawfully:

1. propose a counteroffer to a plea agreement offered by the United States Attorney's Office;

2. submit corrections to his Presentence Investigation Report, specify a requested sentencing range, and provide a draft sentencing memorandum to Defendant prior to filing it;

3. argue against imposition of a sentencing enhancement for use of a special skill;

4. argue that Count I of the indictment alleged conduct that never occurred and thus, contained a factual error; and

5. contest a sentencing enhancement imposed for Defendant's violation of an existing administrative order.

6. Sixth Amendment violation – denial of right to counsel – of – choice.

**LEGAL STANDARD**

Petitioner's *pro se* petition is construed liberally. *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). A prisoner convicted of a federal crime may move the district court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is only available in cases where jurisdictional or constitutional errors have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). This is an "extraordinary remedy because it asks the district court essentially to reopen the

criminal process to a person who already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

## ANALYSIS

Petitioner must demonstrate two elements to prove ineffective assistance of counsel. First, "the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the performance prong, a court "consider[s] the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct, and there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001) (quoting *United States v. Lindsay*, 157 F.3d 532, 535 (7th Cir. 1998)). Second, "the defendant must show that the deficient performance prejudiced the defense . . . [*i.e.*] that counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. "Only a significant increase in the sentence, attributable to counsel's error, constitutes prejudice." *Durrive v. United States*, 4 F.3d 548, 551 (7th Cir. 1993).

*Failure to Negotiate Plea Agreement (Claim One)*

Defendant alleges that after rejecting the draft plea agreement sent by the Government, he proposed a counteroffer and asked his counsel to negotiate his plea deal. Defendant argues that his counsel's refusal to propose this counteroffer to the Government constituted ineffective assistance of counsel. To establish inadequate assistance of counsel based on counsel's responsibilities during the plea-bargain process, the defendant must show (1) that absent counsel's ineffective performance, he would have proceeded to trial; and that (2) a decision to go

to trial would have been "rational under the circumstances." *DeBartolo v. United States*, 790 F.3d 775, 778 (7th Cir. 2015).

Defendant does not provide any further details regarding his proposed counteroffer and does not offer any evidence that the Government would have agreed to his offer or intended to continue negotiations of Defendant's plea deal after he rejected the Government's offer. Defendant also does not allege that he would have gone to trial instead of entering into a blind guilty plea had his counsel attempted to negotiate further. Defendant also offers no evidence or reasoning that going to trial would have been rational under the circumstances. The Government asserts that bank records, documents, and witness statements would have established that Defendant was offering insurance policies that he knew did not exist and that the premiums he received went to his personal benefit and not to purchase insurance. Defendant offers no evidence or argument that refutes the Government's case. Thus, Defendant cannot show that absent further negotiation of his plea deal, he would not have entered a blind plea and would have proceeded to trial and further cannot show that this would have been a rational choice under the circumstances. Accordingly, Defendant's Motion is denied.

*Representation of Defendant at Sentencing (Claims Two, Three and Five)*

At Defendant's sentencing, this Court adopted the report and advisory guideline range in the Presentence Investigation Report ("PSR"). The Probation Office concluded that Defendant's abuse of a special skill (his experience in the insurance industry) and his violation of a prior judicial order, among other things, enhanced Defendant's base offense level from a 7 with a criminal history category of I, to an offense level of 34 with a criminal history of I. According to

the PSR, the Probation Office concluded that an anticipated sentencing guideline range would be 151 to 188 months' imprisonment, in addition to any supervised release, fine or restitution.

Defendant makes several arguments regarding his representation during sentencing. Defendant argues that his counsel failed to submit corrections to his Presentence Investigation Report, specify a requested sentencing range, and provide a draft sentencing memorandum to Defendant prior to filing it with the Court (Claim Two). Defendant also asserts that his counsel failed to contest imposition of sentencing enhancements for use of a special skill and Defendant's violation of an existing administrative order (Claims Three and Five).

With respect to Claim Two, Defendant fails to satisfy his burden under *Strickland*. Notably, Defendant does not identify which facts in the PSR he claims should have been corrected by his counsel. Defendant also does not explain any prejudice he suffered from his counsel's failure to submit corrections to his PSR or his reviewing a draft of the sentencing memorandum prior to filing. *Strickland*, 466 U.S. at 687. Therefore, Defendant cannot show that his counsel was ineffective on these grounds.

In addition, Defendant does not identify how counsel's failure to specify a sentencing range prejudiced him. Defendant's sentence of 120 months was below the applicable guideline range of 151 to 188 months' imprisonment. Thus, Defendant's claim, that his counsel was ineffective for failing to request a specific sentencing range, is without merit.

With respect to Claims Three and Five, Defendant also fails to satisfy his burden under *Strickland*. Defendant contends that his legal representation was deficient because his lawyer failed to contest imposition of sentencing enhancements for use of a special skill and Defendant's violation of an existing administrative order.

5

Defendant complains that his counsel failed to argue against the enhancement for the use of a special skill. (Dkt. No. 1 at pp. 6-7.) In particular, Defendant argues that his counsel should have argued that Defendant did not use a "special skill" to accomplish fraud because the victims were all experienced in the same industry. However, Defendant's counsel *did* oppose the enhancement for use of a special skill on the same basis Defendant advances. (Crim. Dkt. No. 56 at pp. 6-7.) Therefore, Defendant's argument, that his counsel's representation fell outside the wide range of professionally competent assistance and Defendant would have made different decisions had his counsel acted differently, is without merit.

In addition, Defendant complains that his counsel failed to contest a sentencing enhancement for violation of an existing order entered by the Circuit Court of Cook County to cease and desist Defendant's business (prohibiting Defendant from engaging in the unauthorized business of insurance or disposing assets without permission of the State of Illinois Department of Insurance). Defendant states that at the time of his meeting with the Special Deputy Receiver, the Receiver did not ask Defendant specific questions about his employment (where he was employed, how much he earned, location of assets). The trial tactic, as suggested by Defendant, would have proved unsuccessful. Defendant, in effect, argues that his failure to comply with the order should be excused because the Illinois Department of Insurance did not discover Defendant's noncompliance. His counsel's failure to argue against imposition of the enhancement on the basis that Defendant has advanced is not ineffective assistance of counsel. And even if it were ineffective assistance, Defendant fails to explain, in any way, how he was prejudiced within the meaning of *Strickland*. *United States v. Madewell*, 917 F.2d 301, 304 (7th Cir. 1990) (holding that "if a particular trial tactic is clearly destined to prove unsuccessful,

then the sixth amendment standard of attorney competence does not require its use."). Defendant's arguments are rejected, and his Motion is denied.

*Failure to Contest the Factual Basis for Count I of the Indictment (Claim Four)*

Count I of the indictment charged Defendant with causing a wire transfer on or about January 18, 2012, "from Cincinnati, Ohio, to El Monte, California, consisting of approximately $1,281,191.25, representing premium funds paid by Company A for insurance that [Defendant] falsely claimed was issued by North American Capacity Insurance Company." (Crim. Dkt. No. 19.) Defendant alleges that he could not have "caused or effected" this wire transfer because it never occurred and that his counsel's failure to argue that this was a factual error constituted ineffective assistance of counsel.

When a defendant alleges a failure of counsel to investigate, the movant must provide "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (quoting *Hardamon v. United States,* 319 F.3d 943, 951 (7th Cir. 2003)). Defendant provides no information or evidence to support his claim that the wire transfer did not occur. Defendant also fails to show what an investigation into his claim would produce. As noted by the Government, reports of interview and bank records, including bank statements and wire-transfer information, were produced in discovery. There is ample evidence on the record that the wire transfer occurred.

"Whether a movant who pleaded guilty can establish prejudice from counsel's failure to investigate depends on whether the information that might have been discovered would have led counsel to change his recommendation as to the plea." *Richardson*, 379 F.3d at 488. As

7

Defendant fails to provide any information showing what an investigation would produce, he cannot establish prejudice from his counsel's alleged failure to investigate. Accordingly, Defendant's Motion is denied.

*Denial of Sixth Amendment Right to Counsel of Choice (Claim Six)*

Finally, Defendant asserts that he was denied his Sixth Amendment right to counsel of choice because, he alleges, the FBI prevented him from contacting counsel prior to his initial appearance and then suggested that counsel not represent him on the criminal matter.

Defendant has procedurally defaulted any claim that he was denied his right to counsel of choice by failing to raise such a claim in the district court or on appeal. Because Defendant's constitutional claim could have been raised on direct appeal but was not, it is procedurally defaulted. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). A defendant cannot raise procedurally defaulted claims unless he can demonstrate (1) good cause and actual prejudice or (2) that defendant is actually innocent. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Defendant's claim is now barred, because he has not shown good cause or prejudice arising from the default. To establish good cause, a defendant must point to some "external impediment" that prevented him from raising his claim on appeal. *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citation omitted). Prejudice is established by showing that the violation of the petitioner's federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.*

Here, Defendant does not allege that some external impediment prevented him from raising his claims to the district court or on appeal. In addition, Defendant attested that he

8

required appointed counsel and could not afford to retain counsel. (Crim. Dkt. No. 9.) The Sixth Amendment right to counsel encompasses "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). However, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Id*. at 151; *Wheat v. United States*, 486 U.S. 153, 159 (1988). Neither an external impediment nor prejudice prevented Defendant from raising his claim that he was denied his Sixth Amendment right to counsel of choice.

In addition, Defendant does not claim, nor can he show, he is actually innocent of the counts to which he voluntarily pleaded guilty. *Bousley*, 523 U.S. at 622-23 (where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in *habeas* if he is actually innocent). Here, Defendant's claim that he was denied counsel of choice is procedurally defaulted. Because Defendant cannot demonstrate good cause for the default or establish that he is actually innocent, his claim is barred, and his Motion is denied.

## *Certificate of Appealability*

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant on a *habeas* petition. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of the denial of a constitutional right; and, accordingly, a certificate of appealability shall not issue. Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## **CONCLUSION**

For the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [1] is denied. No certificate of appealability shall issue.

Date:  11/4/16

JOHN W. DARRAH
United States District Court Judge